## IN THE UNITED STATES DISTRICT COURT
## OF THE WESTERN DISTRICT

WAYNA LOVETT and MAXINE SCHMIDT )
         Plaintiffs, )
)
vs. ) Case No: CIV-21-82-PRW
)
JAMES EDWARD FULLER, )
UNITED SPECIALTY INSURANCE CO., )
BULLDOG FREIGHTWAY INC., )
)
         Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, Wayna Lovett, and for her causes of action against the Defendants states as follows:

1.    The Plaintiff, Wayna Lovett, is a resident and citizen of the State of Oklahoma, and resides in Rocky, Oklahoma.

2.    The Defendant, James Edward Fuller, is a resident and citizen of the State of California, with an address of 16501 S. Union Ave., SPC 186, Bakersfield, CA 93307.

3.    The Defendant, Bulldog Freightway Inc., is a resident of California with a primary place of business at 4569 E. Florence Ave., Fresno, California 93724.

4.    The United Specialty Insurance Company is a corporation with its headquarters and principal place of business at 1900 L Don Dodson Drive, Bedford, Texas 76021.

5.    The individual claims of the Plaintiff, Lovett, is in excess of $75,000.00 exclusive of attorney fees, costs and interest.

6. This Court has jurisdiction by virtue of diversity of citizenship between the parties.

7. The incidents giving rise to these causes of action all occurred within the jurisdiction of the United States District Court of the Western District of Oklahoma.

## COMMON ALLEGATIONS

1. On February 5, 2019, at approximately 1747 hours, the Plaintiff, Wayna Lovett, and the Defendant were westbound on I-40 at or near the intersection of Country Club Road in El Reno, Canadian County, Oklahoma when Lovett was struck from the rear by Defendant, Bulldog Trucking, driven by Defendant James Edward Fuller, who was negligently driving a 2017 white Freightliner Cascadia Truck.

2. The impact of Fuller's vehicle on Lovett's vehicle knocked Lovett's vehicle off the roadway.

3. The Plaintiff has suffered serious personal injuries, including both physical and mental, as a result of the Defendants' negligent acts.

## FIRST CAUSE OF ACTION

COMES NOW the Plaintiff and for her first cause of action against the Defendant, Fuller, do hereby incorporate by reference the preceding and state as follows:

1. The Plaintiffs' injuries resulted from the Defendant Fuller's negligence as follows:

    a. The Defendant Fuller failed to devote full time and attention to his driving in order to avoid the collision;

  b. The Defendant Fuller failed to maintain a safe clear distance from Lovett's vehicle;

  c. The Defendant Fuller failed to use his horn, braking mechanism, steering mechanism or signal lights in order to avoid the collision;

  d. The Defendant Fuller failed to operate his motor vehicle in a reasonable manner.

<u>SECOND CAUSE OF ACTION</u>

COMES NOW the Plaintiffs and for their second cause of action against the Defendant, Bulldog Freightway Inc., repleads and incorporates by reference the preceding averments herein and state their claim against Bulldog Freightway Inc., as follows:

1. The Plaintiffs' injuries resulted from the Defendants, Bulldog Freightway Inc., negligence as follows:

  a. That the Defendant Bulldog Freightways Inc.'s employee, Fuller, while acting within the scope of his employment, failed to devote full time attention to driving in order to avoid the collision;

  b. The Defendant Bulldog's employee, Fuller, failed to maintain his vehicle in a safe, clear distance from Lovett's vehicle;

  c. The Defendant Bulldog's employee, Fuller, failed to use his horn, braking mechanism, steering mechanism, turn signals in order to avoid the collision;

  d. The Defendant employed Fuller to operate a vehicle when Bulldog knew or should have known that by allowing Fuller to drive, he was likely to cause injury to the Plaintiff and those similarly situated;

   e. The Defendant Bulldog failed to supervisor its employee, Fuller, to ensure compliance with State and Federal law, compliance with sleep and log requirements, and compliance with alcohol and controlled dangerous substances requirements, when they knew or should have known that by allowing Fuller to operate without adequate supervision Fuller was likely to cause injury to the Plaintiffs or those similarly situated;

  2. United Specialty Insurance Co., is the insurer of Defendant, Bulldog Freightway Inc., under a policy of insurance, the same being number RTLL2637 providing coverage for the negligent acts of Bulldog and their employee Fuller.

DAMAGES

  COMES NOW the Plaintiff, Lovett, and for her claim of damages against the Defendants, Fuller, Bulldog, and United Specialty Insurance Co., and states as follows:

  1. As a direct result of the Defendants' negligence, the muscles, ligaments, tendons, soft tissues, bony structures, nerve centers and blood vessels in the Plaintiff's, head, neck, back, shoulders, arms, hands, legs, feet were pulled, torn, strained, traumatized, fractured, lacerated and their function impaired;

  2. That said injuries are permanent, painful, progressive and disfiguring;

  3. That when injured the Plaintiff was 52 years of age with a life expectancy of 83 years;

  4. That the Plaintiff has received physiological injuries as a result of the Defendants' negligence, and said injury is permanent, progressive, and debilitating;

5. As a result of said injuries the Plaintiff has and will incur in the future medical expenses; has and will in the future suffer pain of mind and body, will be permanently disabled, disfigured, has lost enjoyment of her life and her earning capacity has been reduced and damaged in an amount in excess of $75,000.00;

6. The Plaintiff, Maxine Schmidt, is the mother of the Plaintiff, Wayna Lovett, and that as a further result of the Defendants' negligence she has and will be deprived of Wayna Lovett's services, companionship, consortium and has been damaged in the amount in excess of $75,000.00.

7. The acts of the Defendant, Fuller, were grossly negligent and willful so that malice may be inferred and punitive damages should be assessed so as to dissuade the Defendant, Fuller and others from the same or similar conduct in an amount in excess of $75,000.00.

WHEREFORE, the Plaintiff, Lovett, prays judgment against the Defendants in an amount in excess of $75,000.00 in actual damages together with attorney fees, interest and cost of this action and punitive damages in excess of $75,000.00 and all other relief which the Court deems just and equitable.

Respectfully Submitted,

GAYLON C. HAYES, OBA# 14492
HAYES LEGAL GROUP, P.C.
6805 S. Western Ave., Suite 500
Oklahoma City, Oklahoma 73139
Telephone: (405) 616-5045

FAX: (405) 616-5062
Email: gaylon@hhhlawfirm.com
whitney@hhhlawfirm.com
ATTORNEY FOR PLAINTIFF

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED